# Reinhart *versus* Lantz,

## Conversion of Estates Tail.

The Act of 27th April 1855, converting estates tail into estates in fee simple, cannot be applied to devises that went into effect before the passage of the Act.

ERROR to the Common Pleas of *Greene county*.

This was an action of ejectment by John Lantz against Marshall Reinhart, Nathan Quigley, and Moses Mathews, in which the following case was stated for the opinion of the court:—

It is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the court in the nature of a special verdict.

In this action, John Lantz, the plaintiff, claims to recover a tract of land now in the possession of the defendants, containing about one hundred acres, situate in Whitely township, in the said county of Greene : beginning at a post S. 45° E. 131 perches to a black oak ; and thence N. 30° E. 140 perches to a white oak ; thence N. 27° W. 50 perches to a black oak ; thence N. 3° E. 41 perches to a post ; thence S. 60° W. 83 perches to a black walnut, and thence S. 57° W. 108 perches to the place of beginning. On the 30th of November, A. D. 1808, Henry Soonover and Catharine his wife (the said Henry being then the absolute owner of the said tract of land) executed a conveyance of the same " unto Andrew Lantz and Mary his wife, and unto the heirs of the body of the said Andrew Lantz, on the body of the said Mary begot-

[Reinhart v. Lantz.]

ten and to be begotten," which said conveyance, marked A., is hereto attached and made part of this case.

Said Andrew Lantz and Mary his wife brought suit against Henry Soonover, to No. 5, April Term 1808, and recovered a judgment for $1500, to be released upon the said Henry Soonover and wife filing a deed to Andrew Lantz and Mary his wife, and the heirs of the body of the said Andrew on the body of the said Mary begotten and to be begotten, &c., which deed was to be approved by the court, and subject to the annual payment of $16 to Henry Soonover during his natural life; the said Andrew Lantz being in possession of the land before suit brought, and before the delivery of the annexed deed of conveyance, and continued in possession until his death, viz., March 23d 1859. His wife Mary died previous to the 26th of June 1853. Andrew Lantz and Mary his wife had but five children, all of whom are now living, viz., John, Henry, Andrew, Catharine intermarried with Jacob Rose, and Margaret intermarried with Brazilla Stephens; the eldest three of whom were born before the 30th of November, A. D. 1808, and the two youngest after that date. John is the oldest son. The defendants are the tenants of A. Lantz, Jr., aforesaid, who is one of the five children of A. Lantz, Sr. John Lantz, the plaintiff, claims the whole of the said land, under the above deed, as oldest son and heir in tail under the above recited deed. Henry Soonover and Catharine his wife died prior to the 22d of January 1812.

If the court should be of opinion, that upon the above facts the plaintiff is entitled to recover the whole land, then judgment to be entered for him for the land, with costs of suit; but if of opinion that he is not entitled to recover the whole land, then judgment to be entered for the defendant for costs. Each party reserves the right to sue out a writ of error thereon.

The court below (GILMORE, P. J.) decided, that the deed to Lantz and wife created an estate tail special, which in this state descended as at common law to the eldest son exclusively; that although it had been suggested that they were included in the Act of 1833, and subject to our ordinary law of descents, yet no rule of property ought to be considered as altered by mere implication or inference; and that although the Act of April 27th 1855 had repealed the statute De Donis, yet it could not be applied to estates already in existence, but only to such as may be thereafter created. Judgment was, therefore, entered in favour of the plaintiff, with costs.

The defendants thereupon sued out this writ, and assigned for error the entry of judgment by the court, as above stated.

*Purman* and *Ritchie* (with whom were *Sayers & Gapen*), for plaintiffs in error, argued:—1. The common law rule which car-

[Reinhart *v.* Lantz.]

ried estates in fee or in tail to the eldest son, was preserved by the charter to William Penn, " until altered by law."

The law of descent in the colony was changed to equality by the statutes of 1683, 1684, and 1693 ; and the law of descent in this state is now the law of equality by the Acts of 1700, 1705, 1764, 1794, and of 1833.

The deed to Lantz and wife was made in 1808, and, but for the statute *De Donis*, they would, under the rule in Shelly's Case, have taken a fee simple ; and as the Act of 1855 removed this obstruction, Lantz, the survivor, took a fee simple, and dying seised thereof in March 1859, it descended to his children as tenants in common under the Act of 1833.

This act, from public policy, should operate on existing estates : 4 Kent's Com. 10 ; 3 Bouvier's Inst. 355 ; 1 Id. 48 ; 1 Bl. Com. 86 ; Bombaugh *v.* Bombaugh, 11 S. & R. 191 ; Price *v.* Taylor, 4 Casey 106 ; 1 Yeates 238 ; 4 Yeates 413 ; 2 Rawle 168 ; 9 S. & R. 322 ; 6 Harris 72 ; 1 Yeates 387, 427.

The cases in 1 Yeates 313 and 1 Harris 344 are not in point, for the statute *De Donis* was repealed by the Act of 1855, before the death of Andrew Lantz, the grantee ; and the condition having been performed by the birth of issue, he took an estate in fee simple ; which is within our statutes of descent.

The heirs of Andrew Lantz and wife must be ascertained by the law of descent at the time of the death of the survivor, to wit, March 1859 : 4 Harris 104. An estate for life or years, may be augmented to an estate in fee, resulting from a change in law or in fact subsequent to the creation of the original estate : Wolf *v.* Goddard, 9 Watts 347 ; Root *v.* Crock, 7 Barr 378 ; Brown *v.* McCormick, 6 Watts 60.

*George L. Wyly*, for defendant in error.—The estate in Lantz was an estate tail special ; which at common law would descend to his eldest son. Up to 1833 there was no law altering the common law in this particular. To this there is no dissenting voice : Jourdan *v.* Jourdan, 9 S. & R. 275 ; Jenks *v.* Backhouse, 1 Binn. 96 ; Souder *v.* Morningstar, 1 Yeates 313.

Neither Price *v.* Taylor, 4 Casey. 105, nor Williams *v.* Leech, 4 Casey, decide that the Act of 1833 has altered the law. A suggestion on this point is thrown out, but nothing more. But Hileman *v.* Bouslaugh, 1 Harris 344, has settled the question ; whilst the case of George *v.* Morgan, 4 Harris 95, is to the same effect.

The Act of 1855 is expressly confined to estates created after its passage. In this case, the estate was created in 1808, and cannot be affected by any retroactive operation of the statute : Mullock *v.* Souder, 5 W. & S. 198 ; Martindale *v.* Warner, 3 Harris 471. The legislature have also in the Act of April 15th

[Reinhart *v.* Lantz.]

1859 (Pamph. L. 670), given a construction adverse to that, which would use the Act of 1855 for this purpose.

The opinion of the court was delivered, January 7th 1861, by LOWRIE, C. J.—My brethren do not adopt the suggestion made by me in Price *v.* Taylor, 4 Casey 95, that estates tail ought, under our Intestate Act of 1833, to descend to all the children alike; and therefore we must still hold that they descend to the eldest son. It follows that the judgment in this case is right, unless the entail was docked by the Act of 1855, passed during the life of the first taker. Can we so interpret it?

We think not. We understand it as applying to future creations of estates tail, and as declaring that any words in a conveyance or devise thereafter made, that would be creative of an estate tail, shall be construed as creating a fee simple. We cannot apply it to devises that went into effect before the passage of the act without disregarding or misplacing the word "hereafter:" 4 Casey 107.

The judgment is affirmed.